IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WAYNE DE'ANDRE HOLLIS, SR.,      )
                                 )
            Petitioner,          )
                                 )
v.                               )   Civil Action No. 2:10cv157-ID
                                 )
UNITED STATES OF AMERICA, *et al*., )
                                 )
            Respondents.         )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The petitioner has filed a pleading self-styled as a "3582 Motion for Nunc Pro Tunc

Sentence Reduction/2241 Motion Seeking Immediate Relief Due to Exigent Circumstances."

(Doc. No. 1.)  As part of this pleading, the petitioner asserts that he "hereby invokes [28

U.S.C. § 2241] under exigent circumstances and requests that this Honorable Court take a

speedy approach with respect to deciding this [18 U.S.C] § 3582 motion."  (Doc. No. 1 at

pp. 3-4.)  The petitioner's motion for sentence reduction under 18 U.S.C. § 3582 and for

immediate relief (contained on the same document in which the petitioner invokes 28 U.S.C.

§ 2241) was docketed in his criminal case, Criminal Action No. 3:01cr145-MHT, on

February 22, 2010, and was denied by the district court in an order entered on February 24,

2010.  (*See* Criminal Action No. 3:01cr145-MHT, Doc. Nos. 90 and 91.)

As noted above, the relief requested by the petitioner under 28 U.S.C. § 2241 is that

this court "take a speedy approach with respect to deciding [his] § 3582 motion." Assuming,

without finding, that a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the

proper vehicle through which to seek the relief requested by the petitioner, the undersigned

finds that the instant habeas action should be dismissed as moot in light of the district court's February 24, 2010, order denying the petitioner's motion for sentence reduction under 18 U.S.C. § 3582 and for immediate relief.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED as moot.

It is further

ORDERED that on or before **March 17, 2010** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

Done, this 3rd day of March, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE